UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNIE CLAY, GUARDIAN OF THE ESTATE OF JOSHUA WADE BALL, A MINOR, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-cv-4961 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, TRUSTEE OF THE GROUP INSURANCE TRUST FOR THE EMPLOYERS IN THE FINANCE INSURANCE AND REAL ESTATE INDUSTRY, | § § § § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Reconsideration ("Motion") (Doc. No. 23). After considering the Motion, all responses thereto, and the applicable law, the Court finds that Plaintiff's motion must be denied.

**I.   BACKGROUND**

This action involves the denial of a claim for basic and supplemental accidental death benefits under a policy governed by the Employee Retirement Employment Retirement Income Security Act ("ERISA") and administered by Defendant Life Insurance Company of North America ("LINA"). Plaintiff Connie Clay brings this action on behalf of her minor son, Joshua Wade Ball, for wrongful denial of benefits under § 1132 of ERISA. 29 U.S.C. § 1132. Joshua's father, Gregory R. Ball, had a life and accidental death policy with Defendant.

Mr. Ball passed away on October 13, 2007, and was found floating on his back in a swimming pool. The facts surrounding the death, and the various opinions of doctors consulted

by both sides, are provided in detail in the Court's March 23, 2012 Order granting Defendant's Motion for Summary Judgment. (Doc. No. 21 at 1–7.)

Plaintiff now moves for reconsideration. She states that (1) the Court should have considered Defendant's structural conflict of interest and (2) the Court should have accorded more weight to the opinions of Dr. Florez, the medical examiner who conducted the autopsy.

## II.     LEGAL STANDARD

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011); *In re BP Shareholder Derivative Litig.*, 2011 WL 5880946, at *2 (S.D. Tex. Nov. 23, 2011). Because less than 28 days passed between the Court's decision to grant summary judgment for Defendant and Plaintiff's motion, Rule 59(e) applies in this case.

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an

2

extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## III. ANALYSIS

Plaintiff urges that the Court's order contains a manifest error of law. Plaintiff believes that, if the Court had correctly considered the conflict of interest and accorded the proper weight to Dr. Florez's testimony, it would have found that Defendant's decision was arbitrary and capricious. However, the arguments about the conflict of interest and Dr. Florez's testimony were made in Plaintiff's Motion for Summary Judgment and her responsive briefing to Defendant's Motion for Summary Judgment. They were previously considered by the Court in its Order.

With respect to the conflict of interest, the Court quoted Fifth Circuit caselaw stating that "[i]f claimants do not present evidence of the degree of the conflict, the court will generally find that any conflict is 'not a significant factor.'" *McDonald v. Hartford Life Group Ins. Co.*, 361 Fed. Appx. 599, 608 (5th Cir. 2010) (quoting *Holland v. International Paper Co. Retirement Plan*, 576 F.3d 240, 249 (5th Cir. 2009)). The Court considered the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 544 U.S. 105 (2008), noting that "[u]nlike *Glenn*, Plaintiff has presented no evidence that Defendant took 'inconsistent positions [that] were . . . financially advantageous' and otherwise failed to consider and provide its experts with relevant evidence. (Memorandum and Order, Doc. No. 21, at 12 (quoting *Glenn*, 554 U.S. at 118).) Plaintiff is correct that, like *Glenn*, Defendant emphasized medical reports that favored a denial of benefits while deemphasizing others that suggested a contrary conclusion. However, that was just one of many factors that the Supreme Court found significant in *Glenn*; it did not imply that this factor would be dispositive on its own. Moreover, as the Court's Memorandum and Order noted, the

physician opinions on which Defendant relied considered Dr. Florez's findings, and explained why they believed that she was incorrect.

Plaintiff failed to present any evidence regarding the degree of the conflict, and essentially asks the Court to find a conflict solely because Defendant relied on physician opinions that conflicted with Dr. Florez's opinion. Although Plaintiff urges that the conflict of interest should have "elicited a heightened standard of review by the court" (Mot. at 4), the Supreme Court expressly disavowed that a conflict of interest should have that effect; rather, a conflict of interest is just one factor that a court should consider when evaluating the lawfulness of benefit denials. *Glenn*, 554 U.S. at 115, 117 ("We do not believe that *Firestone*'*s* statement implies a change in the *standard* of review, say, from deferential to *de novo* review. . . . We believe that *Firestone* means what the word 'factor' implies, namely, that when judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one." (emphasis in original)); *see also Holland*, 576 F.3d at 247 ("If the administrator has a conflict of interest, we weigh the conflict of interest as a factor in determining whether there is an abuse of discretion in the benefits denial, meaning we take account of several different considerations of which conflict of interest is one.")

Plaintiff also asks the Court to credit Dr. Florez's testimony over the other physicians' reports simply because Dr. Florez was the only doctor who examined Mr. Ball. Plaintiff provides no reason why the consulting physicians' reports are deficient, aside from the fact that they did not examine the Plaintiff and the physicians are not "disinterested." (Mot. at 4.) This is insufficient to meet Plaintiff's burden in proving abuse of discretion. *See Gooden v. Provident Life & Accident Ins., Co.,* 250 F.3d 329, 335 (5th Cir. 2001) (holding that the plan administrator did not abuse its discretion by relying upon the assessment of a physician who had not examined

4

the plaintiff, as the plaintiff's condition could be verified from the objective medical information); *see also McDonald*, 361 Fed. Appx. at 609 (affirming the district court's finding that defendant did not abuse its discretion by relying on opinions of potentially biased physicians, as plaintiff presented no evidence regarding the relationship between the physicians and defendant or evidence showing an incentive for the doctors to undermine her case); *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 n.14 (5th Cir. 1994) (considering and rejecting the argument that reviewing physicians were biased based solely on their employment with a contracting agency, as plaintiff presented no evidence of a dependent relationship between the physicians and defendant). As the Court stated in its order, "Plaintiff asks the Court to do precisely what it cannot under its limited review—rely only 'on the death certificate signed by the Medical Examiner, the autopsy, the toxicology reports and the testimony of the pathologist who performed the autopsy.'" (Memorandum and Order, Doc. No. 21, at 12 (quoting Pl.'s Mot. Summ. J. at 15).)

## IV.    CONCLUSION

For the reasons discussed above and for the reasons identified in the Court's Memorandum and Order (Doc. No. 21), the Court finds that Plaintiff's Motion must be **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 29th day of May, 2012.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5